## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DARIN LANEY,

      Plaintiff,

v.                                CASE NO.:

MARK T. ESPER, U.S. Secretary of Defense,
PERSPECTA ENTERPRISE SOLUTIONS LLC, and
PERSPECTA INC.,

      Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, DARIN LANEY ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendants, MARK T. ESPER, Secretary of Defense, PERSPECTA ENTERPRISE SOLUTIONS LLC, and PERSPECTA INC. (collectively "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action to halt and seek redress for the unlawful discrimination on the basis of combat-related Post-Traumatic Stress Disorder ("PTSD") status that the United States Department of Defense (the "Defense Department") has been compelling its contractors such as Perspecta Enterprise Solutions LLC, and Perspecta Inc. to commit as a condition of receiving or maintaining lucrative contracts.

2.     The Rehabilitation Act and the Americans with Disabilities Act ("ADA") expressly prohibit discrimination in employment on the basis of disability. *See* 29 U.S.C. §§ 791, *et seq.*; 42 U.S.C. §§ 12101, *et seq.*  Under the Rehabilitation Act, executive agencies such

as the Defense Department cannot deny qualified individuals employment opportunities or benefits or discriminate against them because they have disabilities such as PTSD.  Likewise, the ADA prohibits employers from denying qualified individuals employment because they have disabilities such as PTSD. Despite these mandated protections, the Defense Department requires certain of its contractors to terminate, or deem ineligible for employment, individuals with PTSD such as Plaintiff regardless of their ability to perform the essential functions of the job.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 in that this action is brought under federal statutes to secure relief under Acts of Congress providing for the protection of civil rights, including Section 504 of the Rehabilitation Act of 1973 and the ADA.

4.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein which are so related to the federal claims that they form part of the same case or controversy.

5.      This Court has personal jurisdiction over the Defendants because they do business, and employed Plaintiff, within the state of Florida and within this judicial District.

6.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because it is where a substantial part of the events giving rise to the claim occurred.

7.      At all times material, Plaintiff is and was a resident of the State of Florida.

### CONDITIONS PRECEDENT/EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Plaintiff has complied with all conditions precedent to the filing of this action.

9.      On or about August 8, 2018, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") within 300 days of the alleged unlawful employment practice.

10.      Plaintiff filed this action within 90 days of having received a Right to Sue notice from the EEOC (attached hereto as **Exhibit "B"**), after the charge had been pending with the FCHR for more than 180 days and within four years of the discrimination.  All administrative prerequisites have been satisfied and this action is timely filed.

## THE PARTIES

11.      Defendant, Perspecta Inc., is a provider of end-to-end enterprise information technology services to government customers across the U.S. federal, state and local government markets.

12.      Perspecta Enterprise Solutions LLC is a wholly owned subsidiary of Defendant, Perspecta Inc.  Plaintiff was, at the time of the events referenced in the Charge, employed by Enterprise Services LLC, then a subsidiary of DXC Technology (collectively "DXC").  On May 31, 2018, Enterprise Services was combined with Vencore, Inc. and KeyPoint Government Solutions, Inc in a merger transaction by which it became Perspecta Enterprise Solutions LLC, a subsidiary of Perspecta Inc.

13.      Pursuant to the merger terms, Defendant Perspecta Inc. retained responsibility for certain employment-related claims involving Enterprise Services/DXC, and is responsible for this matter. Perspecta Enterprise Solutions LLC and Perspecta Inc. will be referred to herein collectively as "Perspecta."

14.     Defendant Mark T. Esper is the United States Secretary of Defense.  He is sued in his official capacity.  His address is 1000 Defense Pentagon, Washington D.C., 20301-1000.

15.     The United States Naval Facilities Engineering Command ("NAVFAC") is an United States Executive branch department of the United States Department of Defense responsible for managing the U.S. Navy's systems and equipment. NAVFAC is headquartered in Washington, D.C. In Florida, NAVFAC operates out of the naval base located in Jacksonville, Florida.

16.     As part of Perspecta's contract with NAVFAC, Perspecta assigns technicians to work on-site for NAVFAC at the Jacksonville naval base.

## APPLICABLE LAW

17.     Title I of the ADA and the Florida Civil Rights Act ("FCRA") prohibit private employers with 15 or more employees, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment.

18.     Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") states, in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by any Executive agency….

29 U.S.C. § 794.

19.     Individuals with disabilities include:

> Any person who (a) has a physical or mental impairment which substantially
> limits one or more of such person's major life activities, (b) has a record of such
> an impairment, or (c) is regarded as having such an impairment.

29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(1).

20.     A qualified individual with a disability is a person who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  42 U.S.C. § 12111(8).

## GENERAL ALLEGATIONS

21.     Plaintiff was terminated from his position as a Technical Services Provider with Defendant Perspecta (then DXC) on March 30, 2018, while assigned to perform IT services for NAVFAC.

22.     Plaintiff began employment with DXC (now Perspecta) on July 14, 2014.  He had also worked as a contractor for Perspecta (via HP/HPEnterprise/DXC) for two years prior to being hired.  During his six years of employment, Plaintiff had never been disciplined nor had he received a poor performance review.

23.     Keith Gallagher, Site Deployment Lead for DXC, terminated Plaintiff's employment.  He stated the reason DXC was terminating Plaintiff was that NAVFAC had revoked his Common Access Card ("CAC"). He provided no explanation as to why NAVFAC would have revoked Plaintiff's CAC. Without a CAC, Plaintiff would be unable to do the type of IT work that DXC performed for NAVFAC.

24.     Defendant's explanation was a pretext for unlawful discrimination.  Plaintiff was actually terminated because of his disability and because Defendants perceived him as being disabled. In fact, in direct contradiction of DXC's explanation, NAVFAC has officially stated

that it revoked Plaintiff's CAC because DXC terminated him. Both explanations are without any substantive basis, and both cannot be true. The background and timing of his termination, as described below, demonstrates that DXC pretextually took adverse action against Plaintiff based on his disability.

## DISABILITY

25.     Plaintiff is a combat veteran of the United States Navy. He served multiple combat tours in both Afghanistan and Iraq. During his military service in Afghanistan, Plaintiff was shot twice and witnessed multiple fellow soldiers killed next to him.

26.     As a result of his service to our country, Plaintiff now unfortunately suffers from PTSD and significant depression, which has been diagnosed and treated with medicine and therapy over the years with mixed results. Unfortunately, Plaintiff has bouts of severe depression and suicidal thoughts. Plaintiff also has been diagnosed with cancer.

27.     Plaintiff suffers from a disability as defined by the ADA and Rehabilitation Act and a "handicap" as defined by the FCRA.  Despite his disability/handicap, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations and, therefore, was a qualified individual with a disability/handicap for purposes of these statutes.

## EMPLOYMENT TERMINATION

28.     On March 27, 2018, while at work, Plaintiff became very depressed and made a comment about suicide that was overheard by a co-worker at DXC, Mr. Greg Sneed. Plaintiff did not threaten anyone or even state he was about to commit suicide. Rather, during the conversation, Plaintiff stated that he had taken Xanax, and that if things did not get better and his cancer treatments did not start to work, then he would "do it the old fashioned way next

time."

29.     Two days later, on March 29, 2018, while Plaintiff was not at work, Mr. Sneed

attempted to reach Plaintiff by telephone without success and became worried about Plaintiff.

When he failed to make contact with Plaintiff, that same day, on March 29, 2018, Mr. Sneed

disclosed the comment Plaintiff had made (two days earlier) about suicide to Plaintiff's former

supervisor, Mr. Anthony Joshua, IT Director for NAVFAC.

30.     Mr. Joshua then contacted the Clay County Sheriff's Office, who was dispatched

to Plaintiff's home that evening to check on him. The Clay County officer concluded Plaintiff

was not a threat to himself or others. Indeed, the officer observed that Plaintiff denied making

suicide threats and said he was about to eat ice cream.

31.     Meanwhile, news of Plaintiff's comment got passed around and was brought up

to Mike Damato, Security Manager for NAVFAC.  Mr. Damato took it upon himself to falsely

report Plaintiff to the Jacksonville Police Department as a dangerous "disgruntled employee,"

based on stereotypes of veterans who suffer from PTSD and depression.

32.     Because Plaintiff was not a threat to himself or others, he was permitted to return

to work on March 30, 2018.  At or around the time Plaintiff arrived for work, Mr. Damato had

the naval base placed on lock-down until base police searched and interrogated Plaintiff,

ransacked his car and again determined Plaintiff was not a threat to anyone. Plaintiff was also

interrogated by members of the Jacksonville Police Department who concluded the same.

33.     By this time, three separate law enforcement agencies had concluded that

Plaintiff was not a threat to himself or others.  Indeed, the Navy Base Security Sergeant gave

Plaintiff's CAC card back to his immediate boss, Keith Gallagher.  Mr. Gallagher called CNRS,

the division where Plaintiff had been working for the last week, and the responsible representatives at CNRS stated they had no problem whatsoever with Plaintiff coming back to work. Perspecta's own security officers then again cleared Plaintiff and his CAC card was given back. Plaintiff then went back to work at around 12:30 that day, March 30. If in fact there were a credible contemporaneous belief that Plaintiff posed a threat, there is no explanation for allowing him to go back to work that day.  Nevertheless, later that same day Plaintiff was summoned by Mr. Gallagher, who terminated Plaintiff's employment, stating the only reason for his termination was that NAVFAC had revoked his CAC. Mr. Gallagher did not explain why NAVFAC had revoked Plaintiff's CAC.

34.    NAVFAC later provided a letter stating officially that the reason Plaintiff's CAC had been revoked was because DXC terminated him. However, DXC states it terminated Plaintiff because NAVFAC revoked his CAC.  Both explanations cannot be true.

35.    Defendants never engaged in an interactive dialogue to determine an appropriate accommodation for Plaintiff's disability and did not offer Plaintiff any reasonable accommodation.  For example, Defendants could have, pursuant to their normal protocol, offered him assistance through the multiple agencies and facilities such as the V.A. Hospital, the Veterans Crisis Line, or the Veterans Suicide Line.  These types of accommodations are provided to other employees who are not categorized as dangerous "disgruntled employees," based solely on stereotypes of veterans who suffer from PTSD and depression.

36.    Rather than engage in an interactive dialogue or offer Plaintiff any reasonable accommodation (as required by law), Plaintiff was immediately categorized as a dangerous "disgruntled employee" who was a direct threat to himself or others, based solely on stereotypes

of veterans who suffer from PTSD and depression.

37.     This categorization of Plaintiff as a "threat" was not based on any reasonable medical judgment relying on medical knowledge or objective evidence and was not based upon an individualized assessment of the Plaintiff's present ability to safely perform the essential functions of the job, reached after considering, among other things, the imminence of the risk and the severity of the harm portended.  *See Chevron USA Inc. v. Echazabal*, 536 U.S. 73, 86 (2002).  In fact, Defendants ignored the objective evidence, including the determinations of three law enforcement agencies that Plaintiff was not a threat to himself or others and, instead, substituted their own unqualified medical opinion (stereotype) based upon speculation that, as a veteran with PTSD and depression, he was a threat.

38.     No similarly situated employees who were not disabled were subjected to similar adverse employment actions.

39.     Plaintiff has suffered damages for lost wages, lost benefits (including retirement benefits), emotional distress, public humiliation and embarrassment, depression and other damages as a result of this unlawful conduct.

40.     Defendants' unlawful actions were intentional, willful, malicious and/or done in callous disregard for Plaintiff's rights.

41.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

42.     Plaintiff requests a jury trial for all issues so triable.

**COUNT I**
**DISCRIMINATION - SECTION 504 OF THE REHABILITATION ACT OF 1973**
**(Perspecta Defendants)**

43.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42.

44.     Section 504 of the Rehabilitation Act prohibits discrimination "under any program or activity receiving federal financial assistance." Section 504 defines "program or activity" as including "all of the operations of … an entire corporation, partnership, or other private organization, or an entire sole proprietorship."

45.     The Perspecta Defendants were and remain a recipient of federal funding subject to Section 504 of the Rehabilitation Act.

46.     The Perspecta Defendants discriminated against Plaintiff because of his disability in violation of Section 504 by terminating his employment and/or by instructing NAVFAC to revoke Plaintiff's CAC, thereby excluding Plaintiff from participation in a program or activity receiving federal financial assistance.

47.     Defendants' actions constitute violations of Section 504 of the Rehabilitation Act.

48.     As a result of Defendants' unlawful actions, Plaintiff has suffered damages has suffered and will continue to suffer damages, lost wages and benefits, embarrassment, humiliation, financial harm, physical and psychological harm, and pain and suffering, some or all of which may be permanent.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, PERSPECTA ENTERPRISE SOLUTIONS LLC, PERSPECTA INC., including the following relief:

1.      Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Section 504 of the Rehabilitation Act;

2.      Grant all injunctive relief necessary to bring Defendants into compliance with Section 504 of the Rehabilitation Act;

3.      Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4.      Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendants to pay attorneys' fees and costs of the action pursuant to Section 504 of the Rehabilitation Act;

6.      Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

7.      Grant any further relief that the Court deems just and proper.

## COUNT II
## RETALIATION - SECTION 504 OF THE REHABILITATION ACT OF 1973
### (Defendant MARK T. ESPER)

49.      Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42.

50.      Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity conducted by any Executive agency. 29 U.S.C. § 794.

51.      Defendant MARK T. ESPER oversees NAVFAC which is a program or activity conducted by an Executive agency subject to Section 504 of the Rehabilitation Act of 1973.

52.      Defendant MARK T. ESPER discriminated against Plaintiff because of his disability in violation of Section 504 by revoking Plaintiff's CAC, thereby excluding Plaintiff from

participation in a program or activity receiving federal financial assistance, and/or by instructing the Perspecta Defendants to terminate Plaintiff's employment.

53.     Defendant's actions constitute violations of Section 504 of the Rehabilitation Act.

54.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages has suffered and will continue to suffer damages, lost wages and benefits, embarrassment, humiliation, financial harm, physical and psychological harm, and pain and suffering, some or all of which may be permanent.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant MARK T. ESPER, including the following relief:

1.     Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Section 504 of the Rehabilitation Act;

2.     Grant all injunctive relief necessary to bring Defendant into compliance with Section 504 of the Rehabilitation Act;

3.     Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in amounts to be proven at trial;

4.     Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.     Order Defendant to pay attorneys' fees and costs of the action pursuant to Section 504 of the Rehabilitation Act;

6.     Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

7.      Grant any further relief that the Court deems just and proper.

## COUNT III
### Disability Discrimination in Violation of the ADA
### (Perspecta Defendants)

55.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

56.      Defendants employ more than 15 employees and are an "employer" within the meaning of the ADA.

57.     Plaintiff was an "employee" of Defendants within the meaning of the ADA. Defendants' conduct as herein alleged violated the ADA, which prohibits disability discrimination.

58.     The foregoing actions of Defendants constitute discrimination against Plaintiff based upon his disability. Plaintiff was subjected to disparate treatment based on his disability.

59.     Defendants' actions were willful and done with malice.

60.     As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, PERSPECTA ENTERPRISE SOLUTIONS LLC, PERSPECTA INC., including the following relief:

1.      Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADA;

2.      Grant all injunctive relief necessary to bring Defendants into compliance with the ADA;

3.      Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4.      Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendants to pay attorneys' fees and costs of the action;

6.      Order Defendants to pay punitive damages;

7.      Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8.      Grant any further relief that the Court deems just and proper.

## COUNT IV
### Failure to Provide Reasonable Accommodation in Violation of the ADA
### (Perspecta Defendants)

61.      Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

62.       Defendants' conduct as herein alleged violated the ADA, which requires an employer to provide reasonable accommodations with respect to an employee's disability.

63.      The foregoing actions of Defendants constitute discrimination against Plaintiff based upon his disability because Defendant did not grant Plaintiff a reasonable accommodation for his disability and because Defendant refused to engage in an interactive dialogue to determine an appropriate reasonable accommodation.

64.      Defendants' actions were willful and done with malice.

65.      As a proximate result of Defendants' discriminatory actions, Plaintiff has

suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, PERSPECTA ENTERPRISE SOLUTIONS LLC, PERSPECTA INC., including the following relief:

1.      Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADA;

2.      Grant all injunctive relief necessary to bring Defendants into compliance with the ADA;

3.      Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4.      Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendants to pay attorneys' fees and costs of the action;

6.      Order Defendants to pay punitive damages;

7.      Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8.      Grant any further relief that the Court deems just and proper.

## COUNT V
### Handicap Discrimination in Violation of the FCRA
### (Perspecta Defendants)

66.      Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

67.     Defendants employ more than 15 employees and are an "employer" within the meaning of the FCRA.

68.     Plaintiff was an "employee" of Defendants within the meaning of the FCRA. Defendant's conduct as herein alleged violated the FCRA, which prohibits handicap discrimination.

69.     The foregoing actions of Defendants constitute discrimination against Plaintiff based upon his handicap. Plaintiff was subjected to disparate treatment based on his handicap.

70.     Defendants' actions were willful and done with malice.

71.     As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, PERSPECTA ENTERPRISE SOLUTIONS LLC, PERSPECTA INC., including the following relief:

1.     Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the FCRA;

2.     Grant all injunctive relief necessary to bring Defendants into compliance with the FCRA;

3.     Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4.     Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendants to pay attorneys' fees and costs of the action;

6.      Order Defendants to pay punitive damages;

7.      Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8.      Grant any further relief that the Court deems just and proper.

**COUNT VI**
**Failure to Provide Reasonable Accommodation in Violation of the FCRA**
**(Perspecta Defendants)**

72.      Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

73.       Defendants' conduct as herein alleged violated the FCRA, which requires an employer to provide reasonable accommodations with respect to an employee's handicap.

74.      The foregoing actions of Defendants constitute discrimination against Plaintiff based upon his handicap because Defendants did not grant Plaintiff a reasonable accommodation for his handicap and because Defendants refused to engage in an interactive dialogue to determine an appropriate reasonable accommodation.

75.      Defendants' actions were willful and done with malice.

76.      As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, PERSPECTA ENTERPRISE SOLUTIONS LLC, PERSPECTA INC., including the following relief:

1.      Enter a declaratory judgment that the practices complained of in this complaint

are unlawful and violate the FCRA;

2.      Grant all injunctive relief necessary to bring Defendants into compliance with the FCRA;

3.      Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4.      Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendants to pay attorneys' fees and costs of the action;

6.      Order Defendants to pay punitive damages;

7.      Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8.      Grant any further relief that the Court deems just and proper.

## COUNT VII
### Defamation Per Se
### (All Defendants)

77.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

78.     From March 27, 2018 to the present date, Defendants have published, via oral and written conveyances, numerous statements defaming the personal and professional reputation of Plaintiff, including falsely stating that Plaintiff is a dangerous "disgruntled employee," based on stereotypes of veterans who suffer from PTSD and depression

79.     Defendants made or caused to be made these defamatory statements to business

associates, third persons and the greater business community of Plaintiff.

80.     The defamatory statements made by Defendants impugned and injured Plaintiff in his trade or profession.

81.     As a direct and proximate result of Defendants' publication and oral defamatory-per-se statements, Plaintiff's professional reputation has been severely damaged.

82.     Also as a direct and proximate result of Defendants' publication of the false and defamatory-per-se statements, Plaintiff is suffering from the knowledge that his prospective employers and business associates now have doubts and reservations about his integrity and/or employability.

83.     Defendants had actual knowledge of the wrongfulness of their statements and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally made or caused to be made false and defamatory statements about Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment: (a) awarding Plaintiff the damages he has sustained and will sustain by reason of Defendants' defamation-per-se, including interest and costs; (b) enjoining Defendants from further defamation; and (c) entering such other and further relief as this Court deems just and proper.

Dated this 1st day of November 2019.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
/s/ Jay P. Lechner
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
William J. Sheslow, Esq.
Florida Bar No.: 92042
11020 Northcliffe Boulevard
Spring Hill, Florida 34608
Telephone: (352)683-2016

Facsimile: (352) 600-7533
lechnerj@theFLlawfirm.com
will@theFLlawfirm.com
pls@theFLlawfirm.com
jwalsh@theFLlawfirm.com
bonnie@theFLlawfirm.com
*Attorneys for Plaintiff*